UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CORCORAN CONSULTING, LLC, an Illinois limited liability company, and B & B MILLS CONSULTING, INC., an Illinois corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CREMSERVICES, LLC, a Florida limited liability Company, a/k/a Consolidated Real Estate Management Services, d/b/a MONEYCALL.COM; ROBERT CORCORAN; BRENDA CORCORAN; REAL ESTATE LEARNING INSTITUTE, INC., a dissolved Illinois corporation; REAL ESTATE LEARNING INSTITUTE INC., a Florida corporation; RONALD GARBER; SHERRY HELGOE; NANCY MUELLER; and LAURA KOMBRINK,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 3: 17-cv-803<br><br>**PLAINTIFF DEMANDS<br>A TRIAL BY JURY** |

## COMPLAINT

COME NOW plaintiffs, Corcoran Consulting, LLC, an Illinois limited liability company ("Corcoran Consulting"), and B & B Mills Consulting, Inc., an Illinois corporation ("B & B Mills") (jointly, "Plaintiffs"), by and through their attorneys, and for their Complaint against the defendants, state as follows:

### THE PARTIES

1.     Plaintiff, Corcoran Consulting, is an Illinois limited liability company with a principal place of business in the County of St. Clair, State of Illinois.

2.     Plaintiff, B & B Mills, is an Illinois corporation with its principal place of business in the County of St. Clair, State of Illinois.

3.     B & B Mills is the sole member of Corcoran Consulting.

4.　　　Defendant, CREMServices, LLC, a/k/a Consolidated Real Estate Management Services ("CREMServices"), d/b/a MonyCall.com, is a Florida limited liability company with a principal place of business in the City of Miramar Beach, County of Walton, State of Florida, at the residence address of defendants, Robert Corcoran and Brenda Corcoran.

5.　　　The members of CREMServices are defendants, Robert Corcoran, Brenda Corcoran, Ronald Garber, and Sherry Helgoe.

6.　　　Defendant, Real Estate Learning Institute, Inc.  ("RELI-IL"), was an Illinois corporation that was involuntarily dissolved on September 9, 2016.  Defendant, Robert Corcoran, is the Registered Agent and President of RELI-IL, and, upon information and belief, RELI-IL's primary shareholder.

7.　　　Defendant, Real Estate Learning Institute Inc. ("RELI-FL"), is a Florida corporation, formed by the filing of Articles of Incorporation in the State of Florida on November 3, 2015, and reinstated on October 17, 2016, with its principal place of business in the City of Miramar Beach, County of Walton, State of Florida, at the residence address of defendants, Robert Corcoran and Brenda Corcoran.

8.　　　In its advertising, RELI-FL contends it is a subsidiary of CREMServices.

9.　　　Defendant, Robert Corcoran, is the Registered Agent and President of RELI-FL, and defendant, Brenda Corcoran, is the Vice President of RELI-FL.

10.　　　Defendant, Robert Corcoran ("RCorcoran"), is an individual residing in the City of Miramar Beach, County of Walton, in the State of Florida.

11.　　　Defendant, Brenda Corcoran ("BCorcoran"), is an individual residing in the City of Miramar Beach, County of Walton, in the State of Florida.

12.     Defendant, Ronald Garber ("Garber"), is an individual residing in the City of Yorba Linda, County of Orange, in the State of California.

13.     Defendant, Sherry Helgoe ("Helgoe"), is an individual residing in the City of Yorba Linda, County of Orange, in the State of California.

14.     Defendant, Nancy Mueller ("Mueller"), is an individual residing in St. Clair County, Illinois.  At all times relevant hereto, Mueller was employed by Corcoran Consulting as its bookkeeper.

15.     Defendant, Laura Kombrink ("Kombrink"), is an individual believed to be residing in the County of Bay, in the State of Florida, and is a former employee of Corcoran Consulting.

## JURISDICTION AND VENUE

16.     This Court has subject-matter jurisdiction over this Complaint because it contains federal claims against the defendants which satisfy the requirements of 28 U.S.C. § 1331.  In addition, this Court has supplemental jurisdiction over the pleaded state law claims pursuant to 28 U.S.C. § 1367 because the state law claims are so related to the federal claims against the defendants that they form part of the same case or controversy.

17.     This Court has personal jurisdiction over defendant, Mueller, because she resides in the State of Illinois.

18.     This Court has personal jurisdiction over the other defendants under ILCS 735 ILCS 5/2-209(a)(2) because they committed one or more torts in Illinois and damaged Corcoran Consulting in Illinois.

19.     This District is an appropriate venue for this Complaint because Corcoran Consulting's principal place of business is in this District, Corcoran Consulting was injured in

3

this District, Mueller resides in this District, and the other defendants are subject to the Court's personal jurisdiction in this District.

## GENERAL ALLEGATIONS

20.     In 1989, RCorcoran founded Corcoran Consulting, which performed and continues to perform coaching and consulting services to businesses.

21.     As of November 30, 2015, RELI-IL owned 76.9% of the membership interests in Corcoran Consulting, and B & B Mills owned the remaining 23.1% of the membership interests in Corcoran Consulting.

22.     On November 30, 2015, B & B Mills and RELI-IL entered into a Membership Interest Purchase Agreement (the "Purchase Agreement"), whereby B & B Mills purchased RELI-IL's 76.9% membership interest in Corcoran Consulting for the sum of $2,700,000.00, making B & B Mills the sole member of Corcoran Consulting.  A true and correct copy of the Purchase Agreement is attached hereto as **Exhibit A**.

23.     As a part of the Purchase Agreement, B & B Mills made, executed and delivered its commercial Promissory Notes dated November 30, 2015, to the order of RELI-IL in the original principal amount of $287,000.00, and $86,041.00 (jointly, the "Promissory Notes"), respectively.  True and correct copies of the Promissory Notes are attached to the Purchase Agreement as **Exhibit A-1** and **Exhibit A-2.**

4

24.     As part of the Purchase Agreement, and effective as of November 30, 2015,

RCorcoran entered into a Non-Disclosure, Non-Competition and Non-Solicitation Agreement

(the "NDA"), whereby for a period of one year following the closing of the sale under the

Purchase Agreement (or for the term of his Consulting Agreement, whichever was longer),

RCorcoran agreed to:

a.     treat the business practices, policies, methods, services, strategies, and other confidential information as defined in the NDA (collectively, the "Confidential Information") as strictly confidential, to not disclose such Confidential Information, to not copy documents or records, and other similar agreements, so that the Confidential Information would remain owned by Corcoran Consulting;

b.     not engage in certain Prohibited Activity (as defined therein), which prohibited, among other things, utilizing Confidential Information within the United States to conduct business competing with Corcoran Consulting;

c.     not solicit or recruit employees of Corcoran Consulting; and, among other things,

d.     not solicit (by email or otherwise) or attempt to contact Corcoran Consulting's current, former, or prospective customers for providing services similar to those provided by Corcoran Consulting.

25.     Since their entry into the Purchase Agreement and at all times relevant to the

matters at issue in this Complaint, RCorcoran has worked for Corcoran Consulting as an

independent contractor, giving Corcoran Consulting notice of his intention to quit effective July

31, 2017.

26.     Corcoran Consulting conducts business throughout the United States, and

Corcoran Consulting's protected computers are used in a manner that affects interstate

commerce.

27.     On September 9, 2016, RELI-IL was involuntarily dissolved by the Illinois

Secretary of State.

28.     On October 17, 2016, RELI-FL was reinstated by the Florida Secretary of State.

5

29.     Upon information and belief, RELI-FL is the successor to RELI-IL, having the same President and Registered Agent, and conducting the same business.

30.     Since its entry into the Purchase Agreement, B & B Mills has paid RELI-IL all payments required to be made under the Promissory Notes.

31.     RCorcoran, BCorcoran, RELI-IL or RELI-FL received the payments required to be made by B & B Mills under the Promissory Notes.

32.     On September 16, 2016, prior to the end of his NDA and after RCorcoran and BCorcoran formed RELI-FL, RCorcoran, BCorcoran, Garber and Helgoe filed articles of organization to form CREMServices to compete with Corcoran Consulting.

33.     On or about June 7, 2013, Mueller and Corcoran Consulting entered into a Bookkeeper Position Agreement, in which Mueller agreed to not engage in other business activity, to devote her full time and attention to Corcoran Consulting, and further agreed to not disclose or reveal confidential information or trade secrets.  A true and correct copy of the Bookkeeper Position Agreement dated June 7, 2013, is attached as **Exhibit B**.

34.     On July 19, 2016, Mueller entered into a Non-Compete Agreement with Corcoran Consulting, wherein Mueller agreed that she not disclose customer lists, databases, marketing systems, trade secrets and other confidential material, and to not do business or consulting that would create competition with Corcoran Consulting for a period of 24 months after leaving her position.  A true and correct copy of the Non-Compete Agreement is attached hereto as **Exhibit C**.

35.     In violation of their non-disclosure and non-compete agreements and without Corcoran Consulting's authorization, on or before February 2017, RCorcoran and Mueller conspired with BCorcoran, Garber, Helgoe, Kombrink, and CREMServices to obtain

6

Confidential Information from Corcoran Consulting for use by CREMServices, RCorcoran, BCorcoran, Garber, Helgoe, and Kombrink, by having Mueller access Corcoran Consulting's protected computers without authority or exceeding her authority.  Certain of the Confidential Information accessed by Mueller for this purpose were outside of the information she was permitted to access (prior to her violation of her duty of loyalty to Corcoran Consulting), and, as to the other information Mueller accessed, she accessed such information intentionally and with purpose to misuse such information for assisting RCorcoran, BCorcoran, Garber, Helgoe, Kombrink and CREMServices, in violation of her duty of loyalty to Corcoran Consulting pursuant to her Bookkeeper Position Agreement.

36.     CREMServices, RCorcoran, BCorcoran, Garber, Helgoe, Kombrink, and Mueller are using or have used or duplicated Corcoran Consulting's Confidential Information without authorization from Corcoran Consulting in order to compete against Corcoran Consulting.

37.     Upon information and belief, R Corcoran, BCorcoran, Garber, Helgoe, Kombrink, and Mueller are using or have used Confidential Information received from Corcoran Consulting in connection with CREMServices' solicitation of business in direct competition with Corcoran Consulting.

38.     In further effort to access Corcoran Consulting's Confidential Information, in late June or early July 2017, Kombrink sought to obtain access to Corcoran Consulting's proprietary GoDaddy accounts (used for realestatelearninginstitute.com and "reboostsystems.com") and transfer them to RCorcoran, which, upon information and belief, is for use by CREMServices, RCorcoran, BCorcoran, Garber, Helgoe, Kombrink, and Mueller.

39.     Mueller's infiltration of Corcoran Consulting's protected computers and network, and Mueller's gathering and disseminating Confidential Information to CREMServices,

7

RCorcoran, BCorcoran, Garber, Helgoe, and Kombrink caused Corcoran Consulting to incur reasonable costs of more than $5,000 during a one-year period in order to respond to the offense, conduct a damage assessment, and restore data, programs, its system and information to their condition prior to Mueller's infiltration, and Corcoran Consulting also lost revenue, paid costs, and suffered other losses in connection therewith.

### Count I
11 U.S.C. § 1030(a)(2)(C)
Violation of Computer Fraud & Abuse Act v Mueller

COMES NOW plaintiff, Corcoran Consulting, LLC, an Illinois limited liability company ("Corcoran Consulting"), and for Count I of its Complaint against the defendant, Nancy Mueller ("Mueller"), states to the Court as follows:

1 – 39. Corcoran Consulting incorporates by reference paragraphs 1 through and including 39 of its Complaint as and for paragraphs 1 through and including 39 of Count I of its Complaint as though fully set forth herein.

40.     Mueller intentionally exceeded her authorized access to Corcoran Consulting's protected computers and wrongfully obtained, duplicated, and disseminated the Confidential Information.

41.     Corcoran Consulting has suffered damage or loss by reason of Mueller's conduct in excess of $5,000.00.

42.     Corcoran Consulting seeks economic damages for all sums attributable to Mueller's conduct

43.     Pursuant to 11 U.S.C. §1030(g), Corcoran Consulting is entitled to recover its compensatory damages for Mueller's wrongful actions.

8

WHEREFORE, Corcoran Consulting requests the entry of judgment in its favor and against Mueller for all compensatory damages suffered as a result of her violation of 11 U.S.C. §1030(a)(2)(C), and to provide for such other and further relief as the Court deems just and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON COUNT I OF ITS COMPLAINT.**

### Count II
11 U.S.C. § 1030(b)
Conspiracy to Violate Computer Fraud & Abuse Act v. all defendants except Mueller

COMES NOW plaintiff, Corcoran Consulting, LLC, an Illinois limited liability company ("Corcoran Consulting"), and for Count II of its Complaint against the defendants, CREMServices, LLC ("CREMServices"), Robert Corcoran ("RCorcoran"), Brenda Corcoran ("BCorcoran"), Real Estate Learning Institute, Inc. ("RELI-IL"), Real Estate Learning Institute Inc. ("RELI-FL"), Ronald Garber ("Garber"), Sherry Helgoe ("Helgoe"), and Laura Kombrink ("Kombrink") (collectively, the "Defendants"), states to the Court as follows:

1 – 43. Corcoran Consulting incorporates by reference paragraphs 1 through and including 43 of Count I of its Complaint as and for paragraphs 1 through and including 43 of Count II of its Complaint as though fully set forth herein.

44.     The Defendants conspired to have Mueller commit (and she did commit) offenses under subsection (a) of 18 U.S.C.A. § 1030.

45.     Corcoran Consulting has suffered damage or loss by reason of the Defendants' conduct in excess of $5,000.00.

46.     Corcoran Consulting seeks economic damages for all sums attributable to the Defendants' actions

47.     Pursuant to 11 U.S.C. §1030(g), Corcoran Consulting is entitled to recover its compensatory damages for the Defendants' wrongful actions.

WHEREFORE, Corcoran Consulting requests the entry of judgment in its favor and against the Defendants, jointly and severally, for all compensatory damages suffered as a result of their violation of 11 U.S.C. §1030(d), and to provide for such other and further relief as the Court deems just and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON COUNT II OF ITS COMPLAINT.**

<u>**Count III**</u>
11 U.S.C. § 1030(a)(4)
Violation of Computer Fraud & Abuse Act v Mueller

COMES NOW plaintiff, Corcoran Consulting, LLC, an Illinois limited liability company ("Corcoran Consulting"), and for Count III of its Complaint against the defendant, Nancy Mueller ("Mueller"), states to the Court as follows:

1 – 43. Corcoran Consulting incorporates by reference paragraphs 1 through and including 43 of Count I of its Complaint as and for paragraphs 1 through and including 43 of Count III of its Complaint as though fully set forth herein.

44.     Mueller knowingly, and with the intent to defraud, accessed Corcoran Consulting's protected computers, and by such conduct furthered the intended fraud and wrongfully obtained and duplicated the Confidential Information, valued in excess of $5,000.00.

45.     Corcoran Consulting has suffered damage or loss by reason of Mueller's conduct.

46.     Corcoran Consulting seeks economic damages for all sums attributable to Mueller's conduct

47.     Pursuant to 11 U.S.C. §1030(g), Corcoran Consulting is entitled to recover its compensatory damages for Mueller's violation.

WHEREFORE, Corcoran Consulting requests the entry of judgment in its favor and against Mueller for all compensatory damages suffered as a result of her violation of 11 U.S.C. §1030(a)(4), and to provide for such other and further relief as the Court deems just and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON COUNT III OF ITS COMPLAINT.**

<u>**Count IV**</u>
11 U.S.C. § 1030(b)
Conspiracy to Violate Computer Fraud & Abuse Act v. all defendants except Mueller

COMES NOW plaintiff, Corcoran Consulting, LLC, an Illinois limited liability company ("Corcoran Consulting"), and for Count IV of its Complaint against the defendants, CREMServices, LLC ("CREMServices"), Robert Corcoran ("RCorcoran"), Brenda Corcoran ("BCorcoran"), Real Estate Learning Institute, Inc. ("RELI-IL"), Real Estate Learning Institute Inc. ("RELI-FL"), Ronald Garber ("Garber"), Sherry Helgoe ("Helgoe"), and Laura Kombrink ("Kombrink") (collectively, the "Defendants"), states to the Court as follows:

1 – 47. Corcoran Consulting incorporates by reference paragraphs 1 through and including 47 of Count III of its Complaint as and for paragraphs 1 through and including 47 of Count IV of its Complaint as though fully set forth herein.

48.     The Defendants conspired to have Mueller commit (and she did commit) offenses under subsection (a) of 18 U.S.C.A. § 1030.

49.     Corcoran Consulting has suffered damage or loss by reason of the Defendants' conduct in excess of $5,000.00.

11

50.     Corcoran Consulting seeks economic damages for all sums attributable to the Defendants' actions

51.     Pursuant to 11 U.S.C. §1030(g), Corcoran Consulting is entitled to recover its compensatory damages for the Defendants' wrongful actions.

WHEREFORE, Corcoran Consulting requests the entry of judgment in its favor and against the Defendants, jointly and severally, for all compensatory damages suffered as a result of their violation of 11 U.S.C. §1030(d), and to provide for such other and further relief as the Court deems just and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON COUNT IV OF ITS COMPLAINT.**

## Count V
765 ILCS § 1065/2 et seq.
Violation of Illinois Trade Secrets Act v all defendants

COMES NOW plaintiff, Corcoran Consulting, LLC, an Illinois limited liability company ("Corcoran Consulting"), and for Count V of its Complaint against the defendants, Nancy Mueller ("Mueller"), Robert Corcoran ("RCorcoran"), Brenda Corcoran ("BCorcoran"), Ronald Garber ("Garber"), Sherry Helgoe ("Helgoe"), Laura Kombrink ("Kombrink"), and CREMServices, LLC ("CREMServices") (collectively referred to as the "Defendants"), states to the Court as follows:

1 – 39.  Corcoran Consulting incorporates by reference paragraphs 1 through and including 39 of its Complaint as and for paragraphs 1 through and including 39 of Count V of its Complaint as though fully set forth herein.

12

40.     The Confidential Information contained Corcoran Consulting's trade secrets, including, without limitation, data, formulas, patterns, compilations, programs, devices, methods, techniques, drawings, processes, financial data, and actual or potential customers, which was kept sufficiently secret to derive economic value from not being known to other persons who can obtain economic value from its disclosure or use, and which are subject to reasonable efforts to maintain their secrecy and confidentiality (collectively, the "Trade Secrets").

41.     The Defendants misappropriated the Trade Secrets from Corcoran Consulting by improperly acquiring access to its computer systems via and collaborating with Mueller ("Mueller"), by Mueller's improper disclosure of such Trade Secrets to and receipt by Defendants, and by the Defendants' unauthorized use of such Trade Secrets.

42.     The Defendants used the Trade Secrets in and for their own use and for the use of CREMServices.

43.     Pursuant to 765 ILCS 1065/4, Corcoran Consulting is entitled to damages for the misappropriation and the Defendants' unjust enrichment caused by such misappropriation, including reasonable royalties for each unauthorized disclosure and use of Corcoran Consulting's Trade Secrets, in an amount sufficient to provide to Corcoran Consulting all of the Defendants' profits from such disclosure and use.

44.     A preliminary and permanent injunction should be issued to enjoin the Defendants' use of the Trade Secrets.

45.     A temporary restraining order should be entered to restrain the Defendants from using the Trade Secrets.

46.     Corcoran Consulting is entitled to recover its reasonable attorneys' fees and costs from the Defendants due to their willful and malicious misappropriation.

47.     Corcoran Consulting is entitled to recover punitive damages against the Defendants for their intentional misappropriation of Corcoran Consulting's Trade Secrets.

WHEREFORE, Corcoran Consulting respectfully requests the Court:

A.     Issue a temporary restraining order to enjoin the Defendants' use of the Trade Secrets;

B.     Issue a preliminary and a permanent injunction to enjoin the Defendants' use of the Trade Secrets;

C.     Award Corcoran Consulting compensatory damages for the Defendants' misappropriation of the Trade Secrets and the Defendants' unjust enrichment caused by such misappropriation, including reasonable royalties for each unauthorized disclosure and use of Corcoran Consulting's Trade Secrets, in an amount sufficient to provide to Corcoran Consulting all of the Defendants' profits from such disclosure and use;

D.     Award Corcoran Consulting its reasonable attorneys' fees and costs incurred herein against all of the Defendants;

E.     Award Corcoran Consulting punitive damages against all of the Defendants; and,

F.     Provide such other and further relief as the Court deems just and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON COUNT V OF ITS COMPLAINT.**

### Count VI
Breach of NDA v Robert Corcoran

COMES NOW plaintiff, Corcoran Consulting, LLC, an Illinois limited liability company ("Corcoran Consulting"), and for Count VI of its Complaint against the defendant, Robert Corcoran ("RCorcoran"), states to the Court as follows:

1 – 47.   Corcoran Consulting incorporates by reference paragraphs 1 through and including 47 of Count V of its Complaint as and for paragraphs 1 through and including 47 of Count VI of its Complaint as though fully set forth herein.

48.     RCorcoran breached the NDA by not treating the Confidential Information and Trade Secrets as strictly confidential, by disclosing Confidential Information and Trade Secrets, by engaging in Prohibited Activity, by soliciting Mueller to breach her fiduciary duty to Corcoran Consulting, and, upon information and belief, by soliciting Corcoran Consulting's current, former, and/or prospective customers for RCorcoran or CREMServices.

49.     Corcoran Consulting was damaged by RCorcoran's breach.

50.     Corcoran Consulting has performed all conditions precedent.

51.     A preliminary and permanent injunction should be issued to enjoin RCorcoran's use of the Confidential Information and Trade Secrets.

52.     A temporary restraining order should be entered to restrain RCorcoran from using the Confidential Information and Trade Secrets.

WHEREFORE, Corcoran Consulting requests damages for RCorcoran's breach of the NDA, for a temporary restraining order, a preliminary and permanent injunction, and for such other and further relief as the Court deems just and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON COUNT VI OF ITS COMPLAINT.**

### Count VII
Breach of Purchase Agreement & Indemnification v Robert Corcoran, RELI-IL & RELI-FL

COMES NOW plaintiff, B & B Mills Consulting, Inc., an Illinois corporation ("B & B Mills"), Consulting"), and for Count VII of its Complaint against the defendants, Robert Corcoran ("RCorcoran"), Real Estate Learning Institute, Inc., a dissolved Illinois corporation ("RELI-IL"), and, Real Estate Learning Institute Inc., a Florida corporation ("RELI-FL"), states to the Court as follows:

1 – 50.   B & B Mills incorporates by reference paragraphs 1 through and including 50 of Count VI its Complaint as and for paragraphs 1 through and including 50 of Count VII of its Complaint as though fully set forth herein.

51.      RCorcoran, RELI-IL, and RELI-FL (as RELI-IL's successor), breached the Purchase Agreement by virtue of RCorcoran's breach of the NDA.

52.      B & B Mills has incurred substantial damages as a direct result of RCorcoran, RELI-IL, and RELI-FL's breach of the Purchase Agreement.

53.      B & B Mills has been required to and has sought out and obtained the advice of attorneys to represent B & B Mills in this case, and has incurred and will incur attorneys' fees and costs for such representation.

16

54.    As a result of the breach of the NDA, and its breach causing the breach of the Purchase Agreement, RCorcoran, RELI-IL, and RELI-FL have a duty to indemnify B & B Mills for all losses, damages, liabilities, and costs and expenses, including reasonable attorneys' fees.

55.    RCorcoran, RELI-IL, and RELI-FL have failed to indemnify B & B Mills for its losses, damages, liabilities, and costs and expenses, including reasonable attorneys' fees, further breaching the Purchase Agreement.

56.    As a direct result of RCorcoran, RELI-IL, and RELI-FL's failure to indemnify B & B Mills as required by the Purchase Agreement, B & B Mills has suffered damages, including, without limitation, sums required to pay B & B Mills' attorneys' fees and costs incurred in this case.

WHEREFORE, B & B Mills respectfully requests the Court award damages for RCorcoran, RELI-IL, and RELI-FL's breach of the Purchase Agreement, and for such other and further relief as the Court deems just and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON COUNT VII OF ITS COMPLAINT.**


## Count VIII
Breach of Contract v Mueller

COMES NOW plaintiff, Corcoran Consulting, LLC, an Illinois limited liability company ("Corcoran Consulting"), and for Count VIII of its Complaint against the defendant, Nancy Mueller ("Mueller"), states to the Court as follows:

1 – 47.  Corcoran Consulting incorporates by reference paragraphs 1 through and including 47 of Count III of  its Complaint as and for paragraphs 1 through and including 47 of Count VIII of its Complaint as though fully set forth herein.

48.     Mueller breached the Bookkeeper Position Agreement and the Non-Compete Agreement by not treating the Confidential Information and Trade Secrets as strictly confidential, by disclosing Confidential Information and Trade Secrets, by breaching her fiduciary duty to Corcoran Consulting, by collaborating with RCorcoran, BCorcoran, Garber, Helgoe, Kombrink and CREMServices for their benefit, and, upon information and belief, soliciting Corcoran Consulting's current, former, and/or prospective customers for RCorcoran, BCorcoran, Garber, Helgoe, Kombrink and/or CREMServices.

49.     Corcoran Consulting was damaged as a result of Mueller's breach.

50.     Corcoran Consulting has performed all conditions precedent.

51.     A preliminary and permanent injunction should be issued to enjoin Mueller's use of the Confidential Information and the Trade Secrets.

52.     A temporary restraining order should be entered to restrain Mueller from using the Confidential Information and the Trade Secrets.

WHEREFORE, Corcoran Consulting requests damages for Mueller's breach of the Bookkeeper Position Agreement and the Non-Compete Agreement, for a temporary restraining order, a preliminary and permanent injunction, and for such other and further relief as the Court deems just and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON COUNT VIII OF ITS COMPLAINT.**

## Count IX
Breach of Fiduciary Duty v Mueller

COMES NOW plaintiff, Corcoran Consulting, LLC, an Illinois limited liability company ("Corcoran Consulting"), and for Count IX of its Complaint against the defendant, Nancy Mueller ("Mueller"), states to the Court as follows:

1 – 52. Corcoran Consulting incorporates by reference paragraphs 1 through and including 52 of Count VIII of its Complaint as and for paragraphs 1 through and including 52 of Count IX of its Complaint as though fully set forth herein.

53.    As an employee of Corcoran Consulting, Mueller owed a fiduciary duty of loyalty to her employer, Corcoran Consulting.

54.    Mueller breached her fiduciary duty of loyalty to Corcoran Consulting, while still employed by Corcoran Consulting, by:

    a.    collaborating with RCorcoran, BCorcoran, Garber, Helgoe, Kombrink, and CREMServices, without Corcoran Consulting's consent, to provide Confidential Information, Trade Secrets, and other documents and data for their benefit;

    b.    conspiring with RCorcoran, BCorcoran, Garber, Helgoe, Kombrink, and CREMServices, without Corcoran Consulting's consent, to compete with Corcoran Consulting;

    c.    downloading, copying, and distributing Corcoran Consulting's Confidential Information, Trade Secrets, and other documents and data, without Corcoran Consulting's consent, in order to assist RCorcoran, BCorcoran, Garber, Helgoe, Kombrink, and CREMServices to compete with Corcoran Consulting, prior to the end of her employment; and,

    d.    upon information and belief, soliciting Corcoran Consulting's current, former, and/or prospective customers, without Corcoran Consulting's consent, for RCorcoran, BCorcoran, Garber, Helgoe, Kombrink and/or CREMServices.

55.    Mueller's breach proximately caused injury to Corcoran Consulting.

19

56.     Corcoran Consulting is entitled to recover punitive damages for the intentional violation of Mueller's fiduciary duty.

57.     A preliminary and permanent injunction should be issued to enjoin Mueller's use of all Confidential Information and Trade Secrets.

58.     A temporary restraining order should be entered to restrain Mueller from using the Confidential Information and Trade Secrets.

WHEREFORE, Corcoran Consulting respectfully requests the Court enter judgment in its favor and against Mueller in an amount exceeding $50,000.00 for compensatory damages, for punitive damages, for a temporary restraining order, for a preliminary and permanent injunction, and, for such other and further relief as the Court deems just and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON COUNT IX OF ITS COMPLAINT.**

<u>**Count X**</u>
Breach of Fiduciary Duty v Robert Corcoran

COMES NOW plaintiff, Corcoran Consulting, LLC, an Illinois limited liability company ("Corcoran Consulting"), and for Count VIII of its Complaint against the defendant, Robert Corcoran ("RCorcoran"), states to the Court as follows:

1 – 56. Corcoran Consulting incorporates by reference paragraphs 1 through and including 56 of Count VII of its Complaint as and for paragraphs 1 through and including 56 of Count X of its Complaint as though fully set forth herein.

57.     As an agent of Corcoran Consulting, RCorcoran owed a fiduciary duty of loyalty to Corcoran Consulting to act solely for the benefit of Corcoran Consulting in all matters connected with RCorcoran's agency

58.     RCorcoran breached his fiduciary duty of loyalty to Corcoran Consulting, while still working for Corcoran Consulting, by:

a.      collaborating and conspiring with Mueller, BCorcoran, Garber, Helgoe, Kombrink, and CREMServices, without Corcoran Consulting's consent, to provide Confidential Information, Trade Secrets, and other data and documents for his own benefit and the benefit of such defendants;

b.      collaborating and conspiring with Mueller, BCorcoran, Garber, Helgoe, Kombrink, and CREMServices, without Corcoran Consulting's consent, to compete with Corcoran Consulting for Corcoran Consulting's customers;

c.      collaborating and encouraging Mueller, without Corcoran Consulting's consent, to download, copy, and distribute Corcoran Consulting's Confidential Information, Trade Secrets, and other data and documents in order to assist RCorcoran, BCorcoran, Garber, Helgoe, Kombrink, and CREMServices to compete with Corcoran Consulting, prior to the end of her employment; and,

d.      soliciting Corcoran Consulting's current, former, and/or prospective customers, without Corcoran Consulting's consent, for RCorcoran, BCorcoran, Garber, Helgoe, Kombrink and/or CREMServices.

59.     RCorcoran's breach proximately caused injury to Corcoran Consulting.

60.     Corcoran Consulting is entitled to recover punitive damages for the intentional violation of RCorcoran's fiduciary duty.

61.     A preliminary and permanent injunction should be issued to enjoin RCorcoran's further violations of his fiduciary duty by using the Confidential Information and Trade Secrets.

62.     A temporary restraining order should be entered to restrain RCorcoran from further violations of his fiduciary duty.

WHEREFORE, Corcoran Consulting respectfully requests the Court enter judgment in its favor and against RCorcoran in an amount exceeding $50,000.00, for punitive damages, for a temporary restraining order, for a preliminary and permanent injunction, and, for such other and

further relief as the Court deems just and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON COUNT X OF ITS COMPLAINT.**

### Count XI
Tortious Interference with Contract v Robert Corcoran, Brenda Corcoran,
Ronald Garber, Sherry Helgoe, Laura Kombrink, and CREMServices, LLC

COMES NOW plaintiff, Corcoran Consulting, LLC, an Illinois limited liability company

("Corcoran Consulting"), and for Count XI of its Complaint against the defendants, Robert

Corcoran ("RCorcoran"), Brenda Corcoran ("BCorcoran"), Ronald Garber ("Garber"), Sherry

Helgoe ("Helgoe"), Laura Kombrink ("Kombrink"), and CREMServices, LLC

("CREMServices") (collectively, the "Defendants"), states to the Court as follows:

1 – 60.   Corcoran Consulting incorporates by reference paragraphs 1 through and

including 60 of Count X of  its Complaint as and for paragraphs 1 through and including 60 of

Count XI of its Complaint as though fully set forth herein.

61.     Nancy Mueller ("Mueller") had a legally enforceable contract with Corcoran

Consulting to maintain the confidentiality of its Confidential Information and Trade Secrets.

62.     Mueller also had a legally enforceable employment contract with Corcoran

Consulting to work on its behalf.

63.     By virtue of their prior dealings with Corcoran Consulting (as former owner,

former employee, or business partner of former employees), the Defendants knew or should have

known of Mueller's contractual obligation to maintain the confidentiality of Corcoran

Consulting's Confidential Information and Trade Secrets, and of Mueller's contractual obligation

to work for Corcoran Consulting, and not for the Defendants.

64.     The Defendants intentionally interfered with Corcoran Consulting's contracts with Mueller, and induced Mueller to breach such contracts.

65.     Mueller's breach of the Bookkeeping Position Agreement and the Non-Compete Agreement proximately caused damage to Corcoran Consulting.

66.     Corcoran Consulting is entitled to recover punitive damages for such purposeful interference.

WHEREFORE, Corcoran Consulting respectfully requests the Court enter judgment in its favor and against the Defendants, jointly and severally, in an amount exceeding $50,000.00 in compensatory damages, punitive damages, and, for such other and further relief as the Court deems just and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON COUNT XI OF ITS COMPLAINT.**

### Count XII
Civil Conspiracy v Mueller, Robert Corcoran, Brenda Corcoran,
Laura Kombrink, Ronald Garber, Sherry Helgoe, and CREMServices, LLC

COMES NOW plaintiff, Corcoran Consulting, LLC, an Illinois limited liability company ("Corcoran Consulting"), and for Count X of its Complaint against the defendants, Nancy Mueller ("Mueller"), Robert Corcoran ("RCorcoran"), Brenda Corcoran ("BCorcoran"), Laura Kombrink ("Kombrink"), Ronald Garber ("Garber"), Sherry Helgoe ("Helgoe"), and CREMServices, LLC ("CREMServices") (collectively, the "Defendants"), states to the Court as follows:

1 – 66.  Corcoran Consulting incorporates by reference paragraphs 1 through and including 66 of Count XI of its Complaint as and for paragraphs 1 through and including 66 of Count XII of its Complaint as though fully set forth herein.

23

67. The Defendants entered an agreement to accomplish a lawful purpose (engaging in a new business) by using corporate espionage to obtain Confidential Information and Corcoran Consulting's Trade Secrets, and by intentionally interfering with Corcoran Consulting's contracts, business relationships, and business expectancies.

68. Corcoran Consulting is entitled to recover punitive damages for their intentional civil conspiracy.

WHEREFORE, Corcoran Consulting respectfully requests the Court enter judgment in its favor and against the Defendants, jointly and severally, in an amount exceeding $50,000.00, and, for such other and further relief as the Court deems just and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON COUNT XII OF ITS COMPLAINT.**

## Count XIII
Imposition of Constructive Trust v Robert Corcoran, Brenda Corcoran,
Ronald Garber, Sherry Helgoe, Laura Kombrink, and CREMServices, LLC

COMES NOW plaintiff, Corcoran Consulting, LLC, an Illinois limited liability company ("Corcoran Consulting"), and for Count XIII of its Complaint against the defendants, Robert Corcoran ("RCorcoran"), Brenda Corcoran ("BCorcoran"), Ronald Garber ("Garber"), Sherry Helgoe ("Helgoe"), Laura Kombrink ("Kombrink"), and CREMServices, LLC ("CREMServices") (collectively, the "Defendants"), states to the Court as follows:

1 – 68. Corcoran Consulting incorporates by reference paragraphs 1 through and including 68 of Count XII of its Complaint as and for paragraphs 1 through and including 68 of Count XIII of its Complaint as though fully set forth herein.

24

69.     Defendant, RCorcoran, received payment from Corcoran Consulting for services rendered while he was soliciting Corcoran Consulting's customers on behalf of the Defendants, which RCorcoran should not retain.

70.     The Defendants have or will receive money or its equivalent from Corcoran Consulting's customers which they should not retain.

71.     The payments made to RCorcoran by Corcoran Consulting prior to his resignation and during or after his solicitation of Corcoran Consulting's customers on behalf of the Defendants, and the money or its equivalent received by the Defendants from Corcoran Consulting's customers should be held in constructive trust for the benefit of Corcoran Consulting.

72.     Corcoran Consulting is entitled to punitive damages for the Defendants' intentional actions and actions taken without just cause in secretly obtaining access to Corcoran Consulting's Confidential Information and Trade Secrets for their own use, and RCorcoran's use of his position at Corcoran Consulting to solicit its customers for himself and the Defendants.

WHEREFORE, Corcoran Consulting respectfully requests the Court enter judgment in its favor and against the Defendants, jointly and severally, in an amount exceeding $50,000.00 in compensatory damages, for punitive damages, and, for such other and further relief as the Court deems just and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON COUNT XIII OF ITS COMPLAINT.**

**<u>Count XIV</u>**
Declaratory Judgment as to Enforceability of Promissory Notes
Due to Failure of Consideration v Robert Corcoran,
Real Estate Learning Institute, Inc., and Real Estate Learning Inc.

COMES NOW plaintiff, B & B Mills Consulting, Inc., an Illinois corporation ("B & B Mills"), Consulting"), and for Count XIV of its Complaint against the defendants, Robert Corcoran ("RCorcoran"), Real Estate Learning Institute, Inc., a dissolved Illinois corporation ("RELI-IL"), and, Real Estate Learning Institute Inc., a Florida corporation ("RELI-FL"), states to the Court as follows:

1 – 72.   B & B Mills incorporates by reference paragraphs 1 through and including 72 of Count XIII of its Complaint as and for paragraphs 1 through and including 72 of Count XIII of its Complaint as though fully set forth herein.

73.     Due to the actions of RCorcoran, Nancy Mueller ("Mueller"), Brenda Corcoran, Ronald Garber, Sherry Helgoe, CREMServices, LLC, and, RELI-IL (now RELI-FL), the value of the membership interest purchased by B & B Mills from RCorcoran and RELI-IL (now RELI-FL) in the Purchase Agreement is substantially less than the amount paid by B & B Mills.

74.     B & B Mills' performance under the Purchase Agreement, including, without limitation, payment of the remaining sums due to RCorcoran and RELI-IL (now RELI-FL), should be excused due to RCorcoran and RELI-IL (now RELI-FL)'s material and unexcused breaches of the Purchase Agreement and the NDA.

75.     B & B Mills is entitled to a declaratory judgment finding its performance under the Purchase Agreement to pay the Promissory Notes is fully and completely excused due to the defendants' material and unexcused breaches of the Purchase Agreement and the NDA.

WHEREFORE, B & B Mills respectfully requests the Court enter a declaratory judgment finding its performance under the Purchase Agreement to pay the Promissory Notes is fully and completely excused due to the defendants' material and unexcused breaches of the Purchase

Agreement and the NDA, and for such other and further relief as the Court deems just and

proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON COUNT XIV OF ITS COMPLAINT.**

STATE OF ILLIINOIS    )
                          )
COUNTY OF ST. CLAIR  )

      Corcoran Consulting, LLC, an Illinois limited liability company, by its sole member, B & B Mills Consulting, Inc., an Illinois corporation, and B & B Mills Consulting, Inc., an Illinois corporation, by and through Eric Mills, its President, being first duly sworn upon his oath, states that the statements set forth in this Complaint are true and correct, except as to matters therein stated to be on information and belief, and, as to such matters, the undersigned certifies as aforesaid that he verily believes the same to be true.

                    Corcoran Consulting, LLC, an Illinois limited liability company

                    By:    B & B Mills Consulting, Inc., an Illinois corporation,
                                  its sole member

                      By
                      Eric Mills, President

                  B & B Mills Consulting, Inc., an Illinois corporation

                  By
                  Eric Mills, President

      Subscribed and sworn to before me, a Notary Public, on this 27ᵗʰ day of

July              , 2017.

                                  Notary Public

My commission expires:

OFFICIAL SEAL
DEBI K EDWARDS
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:07/23/21

Respectfully submitted,

GREENSFELDER, HEMKER & GALE, P.C.

By
Donald K. Schoemaker, #06199062
Email: dks@greensfelder.com
Cherie Macdonald, #06205730
Email: ckm@greensfelder.com
12 Wolf Creek Drive, Suite 100
Swansea, Illinois 62226
Telephone:     (618) 257-7308
Facsimile:      (618) 257-7353

Attorneys for Plaintiffs, Corcoran Consulting, LLC,
an Illinois limited liability company, and B & B
Mills Consulting, Inc., an Illinois corporation

28