# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CORCORAN CONSULTING, LLC, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 3:17 CV 803 MJR/RJD |
| CREMSERVICES, LLC, et al., | ) ) ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

**DALY, Magistrate Judge:**

This matter comes before the Court on Robert Corcoran and Real Estate Learning Institute, Inc.'s Motion to Strike Corcoran Consulting, LLC, and B & B Mill Consulting, Inc.'s Affirmative Defenses.[1] (Doc. 62.) On July 27, 2017, Plaintiffs commenced this action, invoking federal question jurisdiction and alleging violations of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, *et seq.*, as well as various state law claims. (Doc. 1.) On August 29, 2017, Defendants filed a counterclaim against Plaintiffs, alleging state law claims. (Doc. 36.) On September 27, 2017, Plaintiffs filed answers to Defendants' counterclaim and asserted affirmative defenses. (Docs. 55, 56.)

On October 18, 2017, Defendant filed the instant motion to strike several of Plaintiff's affirmative defenses, arguing that the affirmative defenses fail as a matter of law. (Doc. 62.) Specifically, Defendants request that the Court strike the second, third, fourth and fifth affirmative defenses of Plaintiffs to Count I of the counterclaim and the second affirmative defense of Plaintiff Corcoran Consulting, LLC, to Count II of the counterclaim. "The court may

---

[1] For ease for reference, this Order will refer to Robert Corcoran and Real Estate Learning Institute, Inc., as "Defendants," and will refer to Corcoran Consulting, LLC, and B & B Mill Consulting, Inc., as "Plaintiffs."

strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f); *Delta Consulting Group, Inc. v. R. Randle Const., Inc.*, 554 F.3d 1133, 1141 (7th Cir. 2009). Motions to strike are disfavored, however, and will generally be denied unless the portion of the pleading at issue is clearly prejudicial and of no possible relevance to the controversy at issue. *Heller v. Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir.1989); *Tektel, Inc. v. Maier*, 813 F.Supp. 1331, 1334 (N.D.Ill. 1992). Prejudice results, for instance, where the challenged allegation has the effect of confusing the issues or is so lengthy and complex that it places an undue burden on the responding party. *Cumis Ins. Soc., Inc. v. Peters*, 983 F.Supp. 787, 798 (N.D.Ill. 1997). The determination of whether to strike under Rule 12(f) is within the discretion of the trial court. *Talbot v. Robert Matthews Distributing Co.*, 961 F.2d 654, 664 (7th Cir. 1992).

Defendants do not argue that allowing the affirmative defenses to remain would cause prejudice, nor do Defendants argue that the affirmative defenses are wholly irrelevant to the controversy at issue. In the absence of any showing of prejudice or of clear immateriality, Defendants' Motion to Strike (Doc. 62) is DENIED.

**SO ORDERED.**

**DATED:  November 7, 2017**               *s/       Reona J. Daly*
                                           **UNITED STATES MAGISTRATE JUDGE**