# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CORCORAN CONSULTING, LLC, and B&B MILLS CONSULTING, INC., | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) Case No. 17-cv-803-MJR-RJD ) |
| CREMSERVICES, LLC a/k/a CONSOLIDATED REAL ESTATE MANAGEMENT SERVICES d/b/a MONYCALL.COM, RONALD GARBER, SHERRY HELGOE, NANCY MUELLER, LAURA KOMBRINK, and HANNAH MULLENIX, | ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM & ORDER

**REAGAN, Chief Judge:**

### INTRODUCTION

This matter arises out of a business dispute and alleged violations of a non-disclosure and non-competition agreement involving Corcoran Consulting LLC, B&B Mills Consulting, Inc., Eric Mills, CREMServices LLC, Real Estate Learning Institute, Inc., Robert Corcoran, Brenda Corcoran, Ronald Garber, Sherry Helgoe, Nancy Mueller, Laura Kombrink, and Hannah Mullenix. While Plaintiffs settled their claims with Robert Corcoran, Brenda Corcoran, and the Real Estate Learning Institute entities, during the pendency of the lawsuit against them discovery disputes arose surrounding the disclosure of financial records of several defendants and a laptop possessed by Robert

1

Corcoran. Magistrate Judge Reona J. Daly held several hearings regarding the discovery issues, which culminated in motions for sanctions by Plaintiffs (Docs. 143, 145). Judge Daly entered a Report & Recommendations ("R&R") recommending that the undersigned impose monetary sanctions in the amount of $5,000.00 against Robert Corcoran and $38,750.57 against the former attorney for several defendants, Attorney Eric Freeland, for his conduct in delaying discovery and flouting Judge Daly's orders.

On June 28, 2018, Freeland timely-filed objections to the R&R (Doc. 166) to which Plaintiffs responded (Doc. 174). Timely objections having been filed, the Court undertakes *de novo* review of the portions of the Report to which Defendants specifically object.[1] **28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b).** The undersigned can accept, reject, or modify Magistrate Judge Daly's recommendations, receive further evidence, or recommit the matter with instructions. *Id.* Judicial efficiency requires that parties present their arguments first to the magistrate judge and not raise arguments for the first time in their objections. *See United States v. Melgar*, **227 F.3d 1038, 1040 (7th Cir. 2000)**. For the reasons stated below, the Court **ADOPTS** Magistrate Judge Daly's recommendations (Doc. 157) and **GRANTS in part** Plaintiffs' motion and supplemental motion for sanctions (Doc. 143, 145).

---

[1] The parties apply the standard of review for non-dispositive rulings by a magistrate judge in their briefs, but Seventh Circuit precedent is clear that recommendations by a magistrate judge for the imposition of monetary sanctions involve dispositive decisions. *See Egan v. Freedom Bank*, **659 F.3d 639, 644 (7th Cir. 2011) (citing** *Alpern v. Lieb*, **38 F. 3d 933, 936 (7th Cir. 1994));** *Retired Chicago Police Association v. Krislov*, **76 F. 3d 856 (7th Cir. 1996)).** Accordingly, the Court reviews the matter *de novo*.

<u>ANALYSIS</u>

Plaintiffs filed suit in August 2017 alleging a number of claims related to a breach of certain non-competition and non-disclosure agreements relating to the sale of Corcoran Consulting, LLC. A scheduling and discovery order was entered by Magistrate Judge Daly on September 21, 2017 (Doc. 50). It called for the parties to serve initial interrogatories and requests for production by October 20, 2017. The parties, by agreement, extended the deadlines, and Plaintiffs served interrogatories and requests for production on Defendants on October 27, 2017. By agreement, Defendants' deadline to respond was extended through December 29, 2017. On December 28, 2017, Defendants filed motions for extension of time to complete discovery (Docs. 74, 75, 76), which Judge Daly granted in part (Docs. 78, 79, 80). The Court gave Defendants through January 8, 2018, to respond to Plaintiffs' written discovery requests. In a case with voluminous discovery, Defendants produced 63 pages of responsive documents and objected to further production due to confidentiality concerns. Defendants would not agree to a confidentiality or protective order, so Plaintiffs immediately moved for a one (Doc. 81), which Defendants opposed. Following a discovery dispute conference held on January 31, 2018, Judge Daly entered a protective order to cover the confidential documents on February 14, 2018.

Defendants still did not respond to Plaintiffs' discovery requests fully, and Plaintiffs served supplemental written discovery requests on February 20 and February 23, 2018. Defendants failed to respond to the supplemental requests in a timely manner, prompting Plaintiffs to file a motion to compel in April 2018 (Doc. 118). Judge Daly held

a discovery dispute conference on May 4, 2018, and granted the motion to compel as to Plaintiffs' written discovery requests. Defendants were ordered to respond to Plaintiffs' discovery requests by May 11, 2018. Judge Daly entered an order granting Plaintiffs' motion to compel as it related to a laptop possessed by Robert Corcoran on May 7, 2018. (Doc. 141).

Judge Daly's order explained that Robert Corcoran was in possession of a laptop computer that was purchased for him by Corcoran Consulting. Attorney Freeland told the Court that the laptop was backed up and then wiped clean by Corcoran in July 2017 in anticipation of returning it to Corcoran Consulting. Corcoran did not return the laptop, however, and, Judge Daly ordered Corcoran to "surrender possession of the laptop computer by May 11, 2018," and to provide Plaintiffs with a copy of any files deleted between July 2017 and May 11, 2018. Plaintiffs' counsel was ordered to identify a neutral expert to perform a forensic analysis of the laptop's hard drive by May 24, 2018.

On May 11, 2018, Defendants turned over some responsive documents. The documents did not include certain financial documents that Plaintiffs stressed were most important. Attorney Freeland blames this on an e-discovery company he hired due to the voluminous discovery in this case, D4, LLC. Defendants produced, through D4, over 38,000 documents on May 11, 2018. Freeland represents that he communicated to D4 to turn over the financial documents and only learned that they did not when Plaintiffs' counsel contacted him about the missing discovery on May 17, 2018.

It took several days after the May 11 deadline for Plaintiffs' counsel to confirm that the financial information was missing. They requested the information from Attorney

4

Freeland on May 15, but he did not respond. Plaintiffs filed a motion for sanctions (Doc. 143) on May 16, 2018. They reached out to Freeland multiple times again on May 17, 2018, the date that he claims he first learned of D4's omission, and eventually he conceded that the financial documents were not turned over on May 11, 2018. According to Freeland, the documents then promptly were disclosed on May 18, 2018. Plaintiffs counter that the May 18, 2018 disclosure was missing a required password, which they did not receive until May 21, 2018.

Attorney Freeland explains that his failure to comply with the May 7, 2018 Order was not intentional, but, rather, the voluminous discovery in this case was difficult for him to manage. He admitted that he had the financial documents in his possession on May 4, 2018, but he was waiting for a thumb drive from D4 containing Bates-stamped copies, which he did not receive until May 21, 2018. He thought, however, that copies without Bates-stamps were disclosed on May 11.

On June 5, 2018, Defendant Laura Kombrink, who had been represented by Freeland, filed an affidavit stating that, while he was her attorney, the two discussed production of her financial documents. She stated that as recently as March 2018, Freeland told her that Robert Corcoran did not intend to turn over any documents regarding his finances, and he had previously told her that Corcoran planned to force Plaintiffs to spend money on having their lawyers try to have the Court compel production. According to Kombrink, this was part of an overarching strategy of forcing Plaintiffs to spend as much money as possible in hopes of forcing them to settle or drop

the case due to an inability to pay Plaintiffs' counsel. Freeland filed an affidavit in response on June 8, 2018 (Doc. 154), denying Kombrink's allegations.

With respect to the laptop, following the May 4, 2018 hearing on Plaintiffs' motion to compel, Attorney Freeland discovered that Robert Corcoran did not back up the entire computer before wiping the hard drive in 2017. Corcoran saved only certain corporate documents and personal photos and documents. When Freeland received Judge Daly's May 7, 2018 Order regarding production of the back-up and the laptop, he decided to send the laptop to D4 first to see if any information could be recovered before complying with Judge Daly's instruction to surrender possession by May 11, 2018. His position is that he did this "save face" with the Court, rather than acting in contravention to Judge Daly's order. D4 shipped the laptop on May 11, 2018. Plaintiffs' counsel received it on May 15, 2018. Plaintiffs then hired Deloitte to perform a forensic analysis of the laptop.

As part of their motions for sanctions, Plaintiffs request that the Court prohibit Defendants from opposing Plaintiffs' claims, strike Defendants' pleadings, dismiss the counterclaim/third-party claim filed by Robert Corcoran and Ronald Garber, order Defendants to pay all expenses of having Deloitte conduct a forensic analysis of the laptop, and order Defendants or Attorney Freeland to pay reasonable expenses, including attorneys' fees, related to the motions for sanctions, the motion for a protective order and the motion to compel.

Magistrate Judge Daly recommends ordering Robert Corcoran to pay for the Deloitte forensic analysis and ordering Attorney Freeland to pay for the costs incurred by Plaintiffs due to their counsels' attempts to secure the requested discovery. She

6

concluded that Freeland's conduct was inexcusable, noting his five months of delay in respond to Plaintiffs' requests for discovery, and found that his decision to send the laptop to D4 instead of directly to Plaintiffs' counsel was in direct contravention to her order directing Robert Corcoran to surrender possession by May 11, 2018. Judge Daly concluded that Freeland's actions in this case are consistent with the strategy to drive up Plaintiffs' attorneys' fees laid out by Defendant Kombrink in her affidavit. She found that paying Plaintiffs' attorneys' fees and paying for the cost of the forensic analysis of the laptop would be a proportional sanction for the dilatory conduct.

Defendants argue in their objections that they made a substantial production of documents by the May 11, 2018, and that they acted in good faith, not in willful defiance of Judge Daly's instructions. Attorney Freeland argues that he worked diligently, but he points out that he is a solo practitioner and that the discovery is this case is voluminous. He also points out that some of the requested documents do not exist. As to the laptop, he argues that nothing in Judge Daly's May 7, 2018 order prevented him from seeking his own forensic analysis prior to turning over the computer, and D4 did not alter the laptop. The computer was produced in a timely manner, he claims, because he had it send on May 11, 2018. Freeland also objects to the amount of the award against him. He notes that Judge Daly recommends awarding fees that pre-date Plaintiffs' motion to compel, that some of the discovery entries are redundant and represent similar work completed by more than one attorney, and that some entries are block-billed and cannot be fairly evaluated for reasonableness.

Having reviewed the record and the briefs submitted by the parties, the undersigned finds Attorney Freeland's conduct unsettling. He employed delay tactics to avoid turning over discovery to Plaintiffs, and Plaintiffs' counsel had to fight for more than five months to secure documents necessary to advance this litigation, at great financial cost to Plaintiffs. It is not clear why the delays occurred, and the pattern of conduct by the defense coincides closely with the delay strategy described by Kombrink in her affidavit.

Defendants were to respond to discovery by December 28, 2017. They did not. Plaintiffs had to file a motion to compel, which was granted. Defendants then refused to turn over documents due to confidentiality issues, so Plaintiffs fought to secure a protective order. Still Defendants did not turn over the requested materials. Months of back and forth eventually culminated in a clear direction from Judge Daly. The Court will not parse words to determine whether "surrender possession" meant to deliver the laptop by May 11 or to ship it by May 11. It is unnecessary to do so. It appears obvious that Attorney Freeland felt he could substantially comply with Judge Daly's orders or could comply in his own way, but the Court finds Judge Daly's instructions clear in light of the record.

The laptop was to be turned over quickly for an independent analysis. It was not reasonable to think that meant it should be sent to another party first and then mailed by that company to Plaintiffs on the date possession was to be surrendered. The financial documents were to be turned over on May 11, not May 18 without a password for accessing the information. While it was, perhaps, an innocent mistake or

8

miscommunication with D4 that caused confusion, that responsibility falls on the Defendants, in this case on Attorney Freeland who had the information in his possession to disclose. He is responsible for the ultimate production, even when it comes through an entity he hired, and the record suggests a certain amount of foot dragging on his part after he was informed the essential documents were missing. Given the totality of events leading up to the motions for sanctions, the Court independently reaches the same conclusion as Judge Daly: the question is not whether there should be sanctions imposed but rather what those sanctions should be.

Freeland also objects to the amount of the sanctions award against him but not to the award of fees and costs related to the Plaintiffs' efforts to secure discovery responses as an appropriate sanction if the Court finds that sanctions are warranted. Given the span of time Plaintiffs dealt with attempting to secure discovery responses from Defendants, the Court disagrees with Freeland's position that the award recommended by Judge Daly improperly includes fees that pre-date Plaintiffs' April motion to compel. They spent months attempting to secure any sort of meaningful discovery responses from Defendants, and the fees pre-dating the motion to compel are not unrelated to that effort.

Plaintiffs' counsels' affidavit of cost includes fees in the amount of $15,021.50 related to their attempts to resolve the discovery dispute, filing of the motion to compel and the May 4, 2018 hearing. Between May 14 and May 18, 2018, the affidavit indicates that counsel accrued fees in the amount of $7,160.00 as a result of Defendants' failure to comply with Judge Daly's May 7, 2018 order. Between May 25 and June 4, 2018, Plaintiffs incurred attorneys' fees related to the sanctions motions and May 30, 2018 hearing in the

9

amount of $16,569.07. The total fees expended as a result of Defendants failure to participate meaningfully in the discovery process was $38,750.57. In addition, Plaintiffs paid Deloitte $5,000.00 to perform a forensic analysis of Robert Corcoran's laptop.

Defendants do not challenge the $5,000 fee for the forensic analysis. Even if they did, the Court finds that it is reasonable and proportional for Robert Corcoran to pay for the analysis to attempt to uncover material he deleted. The Court is aware that Plaintiffs and Robert Corcoran reached a settlement agreement and that their agreement may include payment of this fee. This Court's finding as to the fee for the laptop is not intended to upset any agreement between the parties as to payment of the fee.

Defendants identify certain time entries as excessive or redundant. Having reviewed the billing records, the highlighted entries appear neither excessive nor redundant. It is not redundant for more than one attorney to participate in hearings and conferences in a case. Rather, multiple attorneys for a party preparing for or participating in court appearances is common practice. The billing entries are for reasonable amounts of time, given the activities described, and do not suggest that Plaintiffs' counsel padded their billing records prior to submitting them to the Court for review.

Finally, Defendants identify certain billing entries as block-billing that improperly lump too many activities together to allow the Court to evaluate the reasonableness of the entries. While block-billed descriptions are not ideal, the description provided by Plaintiffs' counsel sufficiently explains the actions taken and the descriptions match the amount of time billed for each of the five entries. The fact that entries are block-billed

does not prevent the undersigned from reviewing the entries and determining that Plaintiffs' counsel billed for a reasonable amount of time for necessary actions.[2]

Defendants' conduct during the five-month period when Plaintiffs' counsel diligently pursued responses to written discovery requests is inexcusable. While the Court is available to resolve discovery disputes, it is unreasonable for Defendants to avoid, delay, and duck discovery responsibilities for months on end. Defendants' actions mirror the strategy of driving up Plaintiffs' attorneys' fees described by Defendant Laura Kombrink, though the Court recognizes that Attorney Freeland, an officer of the Court, denies her allegations. Financial sanctions to compensate Plaintiffs for the significant attorneys' fees accrued during the discovery dispute process, which included willful defiance of Judge Daly's orders by Freeland and delay at every opportunity, are proportional and called for in this case. This Court's de novo review leaves the undersigned with the firm belief that Plaintiffs' counsel's affidavit of costs requests a reasonable fee award.

## CONCLUSION

For the above-stated reasons, the Court, having conducted a *de novo* review, **ADOPTS** the Report & Recommendations (Doc. 157) entered by Magistrate Judge Daly in its entirety. Plaintiffs' motion for sanctions (Doc. 143) and supplemental motion for sanctions (Doc. 145) are **GRANTED in part**. Attorney Eric Freeland is **ORDERED** to pay $38,750.57 to Plaintiffs' counsel for attorneys' fees and costs incurred as a result of his

---

[2] While Attorney Freeland attaches his income tax returns, presumably to suggest that he cannot pay the sanctions award, the Court finds them irrelevant to the question of fashioning an appropriate award.

conduct. Defendant Robert Corcoran, to the extent that the forensic analysis fee is not included in the settlement agreement between the parties, shall pay $5,000.00 to Plaintiffs for the costs incurred by the hiring of Deloitte to perform a forensic analysis of the laptop at issue.

**IT IS SO ORDERED**.

DATED: January 7, 2019

*s/ Michael J. Reagan*
MICHAEL J. REAGAN
**United States District Judge**